UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ST. CLAIR SHORES POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>CREDIT SUISSE GROUP AG, THOMAS GOTTSTEIN, DAVID R. MATHERS, LARA J. WARNER and BRIAN CHIN,<br><br>                Defendants. | Civil Action No. 1:21-cv-03385-NRB<br><br>CLASS ACTION |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff Sheet Metal Workers Pension Plan of Northern California ("Lead Plaintiff"), individually and on behalf of all others similarly situated, Defendant Credit Suisse Group AG ("Credit Suisse"), and Defendants Thomas Gottstein, David R. Mathers, Lara J. Warner, and Brian Chin (collectively, the "Individual Defendants," and together with Credit Suisse, "Defendants"), each of whom individually is referred to herein as a "Party," and collectively, as the "Parties," by and through their undersigned counsel, to petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

1.  **DEFINITIONS**

    1.1   Action:   the above-captioned action, and any and all cases consolidated or coordinated with it.

    1.2   Party:   any party to the Action, including all of its officers, directors, and employees.

1.3 <u>Non-Party</u>: any natural person or entity that is not a named party to the Action.

1.4 <u>Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action, including to the extent any Party is required to produce or agrees to produce any documents or ESI previously produced in other cases or government investigations or in connection with a settlement of this matter.

1.5 <u>Confidential Material</u>: any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary or otherwise confidential business information, or non-public personal, client, or customer information concerning individuals or other entities. Confidential Material does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

1.6 <u>Privileged Material</u>: Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, United States or foreign bank disclosure laws or regulations, including but not limited to, the bank examiner

-3-

privilege, Swiss data privacy protections, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

1.7   Producing Party:  any Party or Non-Party that produces Discovery Material in this Action.

1.8   Receiving Party:  any Party or Non-Party that receives Discovery Material from a Producing Party in this Action.

1.9   Designating Party:  any Party that designates Discovery Material as "Confidential."

1.10  Outside Counsel:  attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

1.11  Expert and/or Consultant:  a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Action.

1.12  Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

2.  **SCOPE**

The protections conferred by this Order cover not only Discovery Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, whether or not produced or supplied pursuant to a formal discovery request or subpoena, or any other formal or informal means, as well as testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Confidential Material. However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this Action.

3.  **DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

4.  **DESIGNATING CONFIDENTIAL MATERIAL**

    4.1  <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

    (a)  <u>for information in non-native documentary form</u>, that the Producing Party affix the legend "Confidential" on the document, and include the applicable designation in the metadata produced for such document.

    (b)  <u>for information produced in electronic, audio, or video format and for any other tangible items</u>, that the Producing Party affix the legend "Confidential" in a prominent place on the exterior of the container or containers in which the information or item is stored and/or on the

-4-

document. Whenever a Receiving Party to whom electronically stored discovery material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the producing party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" to each page of such document.

(c)  <u>for documents produced in native format</u>, that the Producing Party include the confidentiality designation "Confidential" in the metadata produced for such documents, in the file name of the produced native, and on the placeholder page.

4.2  <u>Inadvertent Failures to Designate</u>: If a Producing Party discovers that it produced material that was not designated as Confidential Material the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation. Thereafter, the material so designated will be treated as Confidential Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not waive the Producing Party's right to secure protection under this Order for such material. If material is re-designated "Confidential" after the material was initially produced, each Receiving Party, upon

notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**5.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

    5.1  A Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action.  Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of actions and transactions at issue in the Action.  Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Following the termination of this Action, each Receiving Party must comply with the provisions of Section 8, below.  The Parties shall be entitled to seek monetary relief, including sanctions, and/or equitable relief, including specific performance, in the event of the intentional unauthorized use or disclosure of Discovery or Confidential Material.

    5.2  Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is reasonably limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

5.3 Disclosure of Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may be disclosed by a Receiving Party only to the following persons:

(a) officers or employees of the Receiving Party who are participating in the prosecution or defense of this Action;

(b) the Receiving Party's Outside Counsel;

(c) Experts and/or Consultants retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that Outside Counsel, in good faith, requires their assistance in connection with this Action; and provided, further, that any part of a report created by such expert or consultant incorporating Confidential Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided, further, that experts or consultants may not use Confidential Material for any purpose that does not relate to this Action;

(d) any other person agreed to by the Designating Party in writing; and

(e) any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 12, below; and

(f) any mediator, arbitrator, or other person engaged by the Parties or appointed by the Court for the purpose of alternative dispute resolution, provided that such person has signed Exhibit A;

4854-0747-8286.v1

5.4     <u>Retention of Exhibit A</u>: Counsel for the Party that obtains the signed "Agreement to Be Bound by Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties upon good cause shown.

**6. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as practicable (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make commercially reasonable efforts to retrieve all copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

**7. FILING CONFIDENTIAL MATERIAL**

In the event that any Party believes it is necessary to file or submit in writing to the Clerk of Court's office or file on ECF any Confidential Material, the Parties shall first meet and confer regarding language to amend this Order to provide for procedures for filing such information under seal. No Confidential Material shall be filed before such amendment to this Order.

**8. FINAL DISPOSITION**

8.1     Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this Action, including any appeals, each Receiving Party shall return to the Producing Party all Confidential Material or, at the option of the Receiving Party, to destroy all Confidential Material. In either case, the Receiving Party shall provide the Designating Party with a certification stating that it has

-8-

destroyed or returned the Confidential Material. Notwithstanding the foregoing, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Material under this Order.

8.2 This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this Action.  No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## 9. A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other Party's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other Party's subsequent waiver of its own prior designation with respect to its own Confidential Material.

## 10. CLAW BACK OF DISCOVERY MATERIAL

10.1 In order to claw back nonresponsive, non-privileged Discovery Material that was produced inadvertently, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back and the basis of the claim that it is nonresponsive.

10.2 In order to claw back Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide notice in writing to the

Receiving Party specifying the production number of the Discovery Material it wishes to claw back, and the basis of the claim that it is Privileged Material.

10.3 Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Receiving Party shall promptly undertake commercially reasonable efforts to return to the Producing Party and destroy all summaries or copies of such Privileged Material (notwithstanding the final sentence of Section 2 regarding a Receiving Party's own work product that reflects the Confidential Material referred to in this Section), shall provide notice in writing that the Receiving Party has undertaken reasonable efforts to return and destroy such Privileged Material, and shall not use such items for any purpose until further order of the Court. In all events, such return, destruction, and certification must occur within ten (10) business days of receipt of the request.

**11. USE OF DESIGNATED MATERIAL IN COURT**

In the event that any Party believes it is necessary to use Confidential Material in Court, the Parties shall first meet and confer regarding language to amend this Order to provide for procedures for doing so. No Confidential Material shall be used in Court before such amendment to this Order.

**12. LEGAL PROCESS**

If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any Discovery Material designated in this Action as "Confidential" the Receiving

Party must notify the Designating Party, in writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than seven (7) business days after receipt unless production is required earlier, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue.  The Receiving Party shall not produce the requested Confidential Material unless and until a court of competent jurisdiction so directs, except if the Designating Party consents.  In connection with any production of Confidential Material subject to this Order, the Receiving Party shall request equivalent confidential treatment for the Confidential Material.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Confidential Material.

In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other

person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Confidential Material.

**13.    NOTICES**

All notices required by this Order must be provided in writing to Counsel of record for each Party. Any of the notice requirements herein may be waived in whole or in part, but only in writing by the Designating Party.

**14.    AMENDMENT OF ORDER**

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown. Nor shall anything herein preclude any Party from seeking additional or different protections on a case-by-case basis under the standards set forth in Fed. R. Civ. P. 26(c).

**15.    MISCELLANEOUS**

15.1    A party's compliance with the terms of this Order shall not operate as an admission that any particular material is or is not: (i) Confidential; (ii) privileged; and/or (iii) relevant or admissible evidence.

15.2    <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground, including confidentiality. Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the Discovery Material covered by this Order.

15.3    <u>Governing Law</u>:  Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles. Any dispute between the parties regarding this Order shall be resolved by making an

appropriate application to this Court in accordance with the Court's Individual Practices and other applicable rules.

15.4    This Order shall become effective as a stipulation among the Parties immediately upon its execution, even if not yet entered by the Court.

Dated: February 11, 2022
New York, New York

Respectfully submitted,

**CAHILL GORDON & REINDEL LLP**

By: s/ Edward Moss
Herbert S. Washer
Edward Moss
Adam S. Mintz
32 Old Slip
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
hwasher@cahill.com
emoss@cahill.com
amintz@cahill.com

*Attorneys for Defendants Credit Suisse Group AG, Thomas Gottstein, David R. Mathers, Lara J. Warner, and Brian Chin*

**ROBBINS GELLER RUDMAN & DOWD LLP**

By: s/ Jason C. Davis
Jason C. Davis
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534
jdavis@rgrdlaw.com

Samuel H. Rudman
David A. Rosenfeld
Erin W. Boardman
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com

Richard Gonnello

-14-

-15-

420 Lexington Avenue, Suite 1832
New York, NY 10170
Telephone: (212) 432-5100
rgonnello@rgrdlaw.com

Brian E. Cochran
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: (312) 674-4674
Facsimile: (312) 674-4676
bcochran@rgrdlaw.com

*Attorneys for Lead Plaintiff*

**SO ORDERED.**

_____
NAOMI REICE BUCHWALD
United States District Judge

Dated:
New York, New York
February 14, 2022

EXHIBIT A
Agreement to Be Bound by Protective Order

I have been informed that on _____, 2022, the U.S. District Court for the Southern District of New York entered a protective order in the litigation titled *City of St. Clair Shores Police and Fire Retirement System* v. *Credit Suisse AG et al.*, 1:21-CV-03385-NRB, and all consolidated and coordinated cases. I have read the protective order, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the protective order, including my receipt or review of information that has been designated as "CONFIDENTIAL."

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

4854-0747-8286.v1