UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
CITY OF ST. CLAIR SHORES POLICE AND : Civil Action No. 1:21-cv-03385-NRB
FIRE RETIREMENT SYSTEM, Individually :
and on Behalf of All Others Similarly Situated, : CLASS ACTION
:
                 Plaintiff, : [PROPOSED] ORDER PRELIMINARILY
: APPROVING SETTLEMENT AND
   vs. : PROVIDING FOR NOTICE
:
CREDIT SUISSE GROUP AG, THOMAS :
GOTTSTEIN, DAVID R. MATHERS, LARA :
J. WARNER and BRIAN CHIN, :
:
                 Defendants. :
:
———————————————————————— x

WHEREAS, a class action is pending before this Court styled *City of St. Clair Shores Police and Fire Retirement System v. Credit Suisse Group AG, et al.*, No. 1:21-cv-03385-NRB (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement, dated as of September 12, 2022 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes**: The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

> All persons who purchased or otherwise acquired Credit Suisse ADRs between October 29, 2020 and March 31, 2021, inclusive. Excluded from the Class are Defendants and members of their immediate families, the officers and directors of the Company at all relevant times and members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any persons and entities who are found by the Court to have timely and validly requested exclusion.

2. **Class Findings**: Solely for purposes of the proposed settlement of this Litigation, the Court finds that each element required for certification of the Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the action would be impracticable; (b) there are questions of law and

fact common to the Class; (c) the claims of Lead Plaintiff in the Litigation are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; (e) the questions of law and fact common to the Class predominate over any individual questions; and (f) a class action is superior to other available methods for the fair and efficient disposition of the action.

3. The Court hereby finds and concludes that pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, Lead Plaintiff is an adequate class representative and certifies it as Class Representative for the Class. The Court also appoints Lead Counsel as Class Counsel for the Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement:** The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

5. **Settlement Hearing:** A hearing (the "Settlement Hearing") shall be held before this Court on _____, 202\_, at _____.m. [a date that is at least ninety (90) calendar days from the date of this Order], at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, to determine: (a) whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.15 of the Stipulation, should be entered dismissing the Litigation with prejudice against Defendants; (c) whether the proposed Plan of Allocation is fair and reasonable and should be approved; (d) the amount of fees and expenses that

should be awarded to Lead Counsel; and (e) the amount that should be awarded to Lead Plaintiff in connection with its representation of the Class.

6. The Court may adjourn the date of the Settlement Hearing without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

7. **CAFA Notice:** Defendants are required to serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants' Counsel shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, of compliance with CAFA §1715(b).

8. **Approval of Form and Content of Notice:** The Court: (a) approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively; and (b) finds that the mailing and distribution of the Notice and Proof of Claim and the publication of the Summary Notice in the manner and form set forth in ¶¶9-10 of this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, of the effect of the proposed settlement (including the Released Claims to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and litigation expenses, of their right to object to the settlement, the Plan of Allocation and/or Lead Counsel's motion for

attorneys' fees and litigation expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons and entities entitled to receive notice of the proposed settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>:** The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Lead Counsel shall make reasonable efforts to identify all Persons who are Class Members and not later than _____, 202\_ [fourteen (14) calendar days after the Court signs and enters this Order] (the "Notice Date"), Lead Counsel shall commence mailing the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be sent by email and/or by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the settlement website: www.creditsuissesecuritiessettlement.com;

(b) Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall commence publication of the Summary Notice to be published three times each in *The Wall Street Journal* (U.S., Europe, Asia), *Financial Times* (worldwide), *Bloomberg Businessweek* (worldwide), *Investor's Business Daily* (national), and once over a national newswire service;

(c) The Claims Administrator shall post the Notice and Proof of Claim on the settlement website and establish a toll-free telephone number, listed in the Notice and Summary Notice, by the Notice Date; and

(d) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

10. **Nominee Procedures:** Nominees who purchased or otherwise acquired an interest in Credit Suisse ADRs for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Credit Suisse ADRs within ten (10) calendar days after receipt thereof, or, send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11. **Participation in the Settlement:** Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. All Proofs of Claim must be postmarked or submitted electronically no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead

Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  By submitting a Proof of Claim, a Person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Proof of Claim and the subject matter of the settlement.

12. Any Class Member who does not timely and validly submit a claim or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment, and the Released Claims provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Persons, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Proof of Claim forms may be accepted for processing as set forth in ¶11 above.

13. **Exclusion from the Class:**  Any Person falling within the definition of the Class may, upon request, be excluded from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _____, 202_ [twenty-one (21) calendar days prior to the Settlement Hearing].  To be valid, a Request for Exclusion must state all of the information requested by §X of the Notice.  A Request for Exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and are excluded from

the Class shall not be Class Members, shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

14. Any Class Member who does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and settlement and all proceedings, determinations, orders, and judgments in the Litigation, including, but not limited to, the Judgment, and the Released Claims provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, instituting, prosecuting, or continuing to prosecute any of the Released Claims against any of the Released Persons, as more fully described in the Stipulation and Notice.

15. **<u>Appearance and Objections at Settlement Hearing</u>:** Any Class Member who does not request exclusion from the Class may enter an appearance in the Litigation individually or through counsel of their own choice at their own expense. If a Class Member does not enter an appearance, they will be represented by Lead Counsel.

16. Any Class Member who does not request exclusion from the Class may appear and show cause why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) should or should not be approved; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has demonstrated his, her or its

membership in the Class and delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are: (i) received on or before _____, 202_ [twenty-one (21) calendar days prior to the Settlement Hearing] by Robbins Geller Rudman & Dowd LLP, Jason C. Davis, Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California 94104, and Edward Moss, Cahill Gordon & Reindel LLP, 32 Old Slip, New York, New York 10005; and (ii) filed with the Clerk of the United States District Court for the Southern District of New York on or before _____, 202_ [twenty-one (21) calendar days prior to the Settlement Hearing].

17.     Any objections, filings, and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; (c) must include documents sufficient to prove membership in the Class; (d) must identify all other class action settlements to which the objector or the objector's counsel has previously objected; and (e) must state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

18.     Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and litigation expenses and shall be forever barred and foreclosed from objecting to

the fairness, reasonableness, or adequacy of the settlement, the Plan of Allocation, or the requested attorneys' fees and litigation expenses, or from otherwise being heard concerning the settlement, the Plan of Allocation or the requested attorneys' fees and litigation expenses in this or any other proceeding.

19. **Settlement Fund:** All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. **Taxes:** Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or with respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings with respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21. **Supporting Papers:** All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees and expenses or an award by Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) shall be filed and served by _____, 202_ [thirty-five (35) calendar days prior to the Settlement Hearing]. Replies to any objections shall be filed and served by _____, 202_ [seven (7) calendar days prior to the Settlement Hearing].

22. **Settlement Administration Fees and Expenses:** All reasonable expenses incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any

obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶3.7 and 3.9 of the Stipulation.

23. Neither the Defendants and their Related Parties nor the Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiff or Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

24. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.

25. **Use of this Order:** Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken or submissions made pursuant to or in connection with the Stipulation, and/or approval of the settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants or their respective Related Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or their respective Related Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or their respective Related Parties, or in any way referred to for any other reason as against any of the Defendants or their respective Related Parties, in any civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to

effectuate the provisions of the Stipulation; or (b) shall be construed against any of the Settling Parties as an admission, concession, or presumption that the consideration to be given under the settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the parties and the Released Persons and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the settlement.

26. **Termination of Settlement:** If the Stipulation and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

27. **Stay and Temporary Injunction:** Pending final determination of whether the settlement should be approved, all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation, are stayed subject to further order of the Court. Pending final determination of whether the settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class, from commencing, instituting, prosecuting, or continuing to prosecute any and all of the Released Claims against any of the Released Persons.

IT IS SO ORDERED.

DATED: _____     _____
THE HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 16, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                           */s/ Samuel H. Rudman*
                                           SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  srudman@rgrdlaw.com

# Mailing Information for a Case 1:21-cv-03385-NRB City of St. Clair Shores Police and Fire Retirement System v. Credit Suisse Group AG et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Erin Whitney Boardman**
  eboardman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,khuang@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Richard William Gonnello**
  rgonnello@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **David George Januszewski**
  djanuszewski@cahill.com,MA@cahill.com

- **Joel Laurence Kurtzberg**
  JKurtzberg@cahill.com,MA@cahill.com

- **Adam Shawn Mintz**
  amintz@cahill.com,MA@cahill.com

- **Edward Nathaniel Moss**
  EMoss@cahill.com,edward-moss-3905@ecf.pacerpro.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Sheila Chithran Ramesh**
  sramesh@cahill.com,MA@cahill.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,malbert@ecf.courtdrive.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven B. Singer**
  ssinger@saxenawhite.com,e-file@saxenawhite.com

- **Herbert Scott Washer**
  hwasher@cahill.com,MA@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)