# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

NEW YORK  ●  CALIFORNIA  ●  ILLINOIS  ●  LOUISIANA  ●  DELAWARE

Mark Lebovitch
MarkL@blbglaw.com
212-554-1519

October 25, 2022

VIA ECF

Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re: *City of St. Clair Shores Police and Fire Retirement System v. Credit Suisse Group AG, et al.*, No. 1:21-cv-03385-NRB

Dear Judge Buchwald:

We represent Employees Retirement System for the City of Providence ("Providence"), the plaintiff in a stockholder derivative action captioned *Employees Retirement System for the City of Providence v. Rohner, et al.*, Index No. 651657/2022 (Sup. Ct. N.Y. Cnty. Filed Apr. 26, 2022) (the "CS Derivative Suit"). We submit this pre-motion letter under Rule 2B of Your Honor's Rules, in support of Providence's anticipated motion to intervene and object to this Court preliminarily approving a proposed settlement and release (the "Proposed Release") of the above-captioned federal securities action ("CS Securities Action"). In short, Credit Suisse AG ("CS") has improperly refused to ament the Proposed Release to exclude the CS Derivative Suit.

The CS Derivative Suit seeks recovery for the benefit of itself and current common stockholders, arising from breaches of fiduciary duty resulting in the shuttering of the Bank's entire New York-based Prime Services business. The CS Derivative Suit depends in no way on any misrepresentations to outside investors, instead focusing on the CS Board's improper failure to create and implement reasonable equity trading risk management systems, as is required by Swiss corporate law. Providence holds CS common shares, thus entitling it to pursue derivative claims under Swiss law. In contrast, the CS Securities Suit seeks recovery for purchasers and sellers of *CS ADRs* during the class period. As CS knows, ADR holders (like the lead plaintiff in the CS Securities Action) have no standing to pursue derivative claims under Swiss corporate law. *See Bhatia v. Piedrahita*, 756 F.3d 211, 218 (2d Cir. 2014) (recognizing standing of non-class member to object "where it can demonstrate that it will sustain some formal legal prejudice as a result of the settlement.")

It is improper for CS to seek a release of the CS Derivative Suit by settling a securities claim with a plaintiff with no standing to pursue (and who did not even purport to pursue) derivative claims. Nevertheless, the Proposed Release could be interpreted to impair the CS

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Naomi Reice Buchwald
October 25, 2022
Page 2

Derivative Suit (and other derivative claims), as it purports to cover:

> any and all claims, debts, demands, rights or causes of action or liabilities of every nature and description ... in any way relating to both: (i) the allegations, claims, circumstances, events, transactions, facts, matters, occurrences, representations or omissions involved in … the Litigation, and (ii) … *holding* … any Credit Suisse ADRs *or ordinary shares* during the Class Period.

Upon seeing the Stipulation of Settlement, we raised our concerns about the Proposed Release with defense counsel. We made clear to defendants, and reiterate here, that while the Proposed Release *can* be interpreted to operate with what we believe would be an unlawful and improper scope, Providence raises the issue because unrepresented CS investors are likely to believe that the Proposed Release lawfully does eliminate derivative claims that can only be pursued by common stockholders. Despite indicating that it did not intend for the Proposed Release to operate in such a facially improper manner, on October 20, 2022, CS refused to agree to a simple (and, we believe, common) carveout of derivative claims from the Proposed Release.

Rather than allow the Class's recovery to be depleted by the cost of mailing notice to the Class following this Court granting preliminary approval, Providence thus seeks to intervene now, so that the Court can consider its arguments regarding the Proposed Release before the cost of mailing notice (and potential class member confusion about the Proposed Release) is incurred.

Preliminary approval of a proposed class action settlement is appropriate only where a trial court has determined that the proposed settlement has "no obvious deficiencies [and] does not improperly grant preferential treatment to class representatives or segments of the class and falls within the reasonable range of approval." *In re Platinum and Palladium Commodities Litig.*, 2014 WL 3500655, at *11 (S.D.N.Y. July 15, 2014); *Felix v. Northstar Location Servs., LLC*, 290 F.R.D. 397, 407 & n.9 (W.D.N.Y. 2013) (the Court must review the proposed settlement to ensure that there are no "obvious deficiencies"); *Oladapo v. Smart One Energy LLC*, 2017 WL 5956907, at *7 (S.D.N.Y. 2017) ("denial is appropriate where the settlement agreement contains 'obvious deficiencies'"); *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 86 (E.D.N.Y. 2007) (same). "[I]t is certainly not the role of th[e] Court to simply 'rubber-stamp' a motion for . . . preliminary approval." *In re Herald, Primeo, and Thema Sec. Litig.*, 2011 WL 4351492, at *5 (S.D.N.Y. Sept. 15, 2011) (denying preliminary approval).

Courts properly deny preliminary approval when the scope of the parties' proposed release is overly broad. *Sanders v. CJS Solutions Group, LLC*, 2018 WL 620492, at *4 (S.D.N.Y. 2018) (denying preliminary approval of a settlement on the basis that the proposed release is overbroad); *Zimmerman v. Zwicker & Assocs., P.C.*, 2011 WL 65912, at *3 (D.N.J. Jan. 10, 2011) (denying preliminary approval because "the scope of the proposed release and agreement not to sue [was] over inclusive."); *Hendricks v. Starkist Co.*, 2016 WL 692739, at *3 (N.D. Cal. Feb. 19, 2016) (denying preliminary approval as it would not "be fair and reasonable"

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Naomi Reice Buchwald
October 25, 2022
Page 3

for the Court to enforce such a broad release" that "does not track the breadth of allegations in the complaint, instead releasing claims . . . nowhere in the complaint.)[1]

Here, the parties to the CS Securities Suit have failed to limit the scope of the release to claims relating to the purchase or acquisition of CS ADRs during the settlement class period. While Providence does not intend to object to the Proposed Release of the CS Securities Action to the extent it includes federal securities claims of common stockholders who purchased their shares on the Swiss exchange, Providence must object to the Proposed Release to the extent it could be read to release derivative claims that ADR holders (like the lead plaintiff in the CS Securities Action) are legally barred from pursuing.

Providence asked CS to take a step that we believe is common and rarely (if ever) deemed to be controversial – including an express carveout of a currently pending and facially distinct derivative litigation claim. CS has inexplicably refused to do so. CS's refusal suggests it seeks to preclude meritorious derivative claims (not limited to the CS Derivative Suit) for no compensation whatsoever. *See Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exchange,* 660 F.2d 9, 19 (2d Cir. 1981) ("An advantage to the class, no matter how great, simply cannot be bought by the uncompensated sacrifice of claims of members, whether few or many, which were not within the description of claims assertable by the class."). The simple and correct answer is to condition preliminary approval of the settlement and Proposed Release on narrowing its language so as to avoid any confusion among CS ADR holders and CS common stockholders alike.

Accordingly, Providence respectfully asks this Court to allow Providence to file a motion to intervene and object to preliminary approval before a ruling on the proposed stipulation in the CS Securities Suit is made and the cost of mailing notice incurred.

Respectfully yours,

*/s/ Mark Lebovitch*

Mark Lebovitch

Cc: All Counsel of Record (via ECF)

---

[1] *See also Mata v. Manpower Inc.*, 2016 WL 7406989, at *9 (N.D. Cal. Dec. 22, 2016) (denying preliminary approval as "overbroad" when class members were "giving up not only claims 'which relate to or arise out of' the facts of the case, but are also giving up 'any and all related claims'").