UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

CITY OF ST. CLAIR SHORES POLICE AND :    Civil Action No. 1:21-cv-03385-NRB
FIRE RETIREMENT SYSTEM, Individually   :
and on Behalf of All Others Similarly Situated, :    <u>CLASS ACTION</u>
                                                      :
                       Plaintiff,    :    DECLARATION OF JASON C. DAVIS IN
                                                        :    SUPPORT OF LEAD PLAINTIFF'S
     vs.                                                :    MOTION FOR FINAL APPROVAL OF
                                                      :    SETTLEMENT AND APPROVAL OF PLAN
CREDIT SUISSE GROUP AG, THOMAS        :    OF ALLOCATION AND FOR AN AWARD
GOTTSTEIN, DAVID R. MATHERS, LARA    :    OF ATTORNEYS' FEES AND EXPENSES
J. WARNER and BRIAN CHIN,               :    AND AN AWARD TO LEAD PLAINTIFF
                                                      :    PURSUANT TO 15 U.S.C. §78u-4(a)(4)
                     Defendants.    :
                                                      :

———————————————————————— x

4859-1730-6451.v1

I, JASON C. DAVIS, declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of New York and the State of California.  I am a member of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or "Lead Counsel") and am counsel for Sheet Metal Workers Pension Plan of Northern California ("Sheet Metal Workers" or "Lead Plaintiff").  I have been actively involved in the prosecution of this Action since 2021 and am closely familiar with its proceedings (the "Litigation" or "Action").[1]  I have personal knowledge of the majority of the matters set forth herein based upon my active participation in and supervision of all material aspects of the Litigation.  As to the remaining matters, I have reviewed our litigation files and consulted with other attorneys and support staff who worked on this case.  I could and would testify completely to the matters set forth herein if called upon to do so.

2.      I submit this declaration in support of Lead Plaintiff's motion for: (a) final approval of the $32,500,000 all-cash settlement on behalf of the Class (the "Settlement"); (b) approval of the proposed Plan of Allocation; and (c) Lead Counsel's application for an award of attorneys' fees and expenses.

I.      PRELIMINARY STATEMENT

3.      The $32,500,000 proposed Settlement is the culmination of almost two years of hard-fought litigation.  As detailed below, Lead Counsel zealously prosecuted its claims throughout this Action, bringing this case to settlement despite the heavy burden of proving the case under the

---

[1]    Unless otherwise defined herein, capitalized terms shall have the meanings ascribed in the Stipulation of Settlement, dated September 12, 2022 (the "Stipulation," ECF 67), filed contemporaneously with Lead Plaintiff's Notice of Motion and Unopposed Motion for Preliminary Approval of Settlement, Certification of the Class, and Approval of Notice to the Class (ECF 64), as well as Lead Plaintiff's Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Settlement, Certification of the Class, and Approval of Notice to the Class (ECF 66).

4859-1730-6451.v1

Private Securities Litigation Reform Act of 1995 ("PSLRA"). The Settlement, which represents approximately 36.5% of the estimated recoverable damages (as calculated by Lead Plaintiff's consultant), is an exceptional result for the Class.

4.      As further detailed herein, proceeding to motion to dismiss, fact and expert discovery, summary judgment, pretrial motions, and then a jury trial would each present substantial risks. In agreeing to settle the Action now, Lead Plaintiff and Lead Counsel carefully considered the strengths of their case, as well as the substantial risks they faced by continuing the Litigation. In opting to settle, Lead Plaintiff and Lead Counsel concluded that settlement on the terms they obtained was in the best interest of the Class. Representatives of Lead Plaintiff – who supervised Lead Counsel and remained well informed during the settlement negotiations – approved the Settlement. *See* Declaration of Sean O'Donoghue on Behalf of Sheet Metal Workers Pension Plan of Northern California in Support of Final Approval of Class Action Settlement ("O'Donoghue Decl."), ¶7, submitted herewith.

5.      As detailed below, Lead Plaintiff achieved the proposed Settlement after almost two years of litigation, during which time it, *inter alia*:

(a)      successfully moved to appoint Sheet Metal Workers as Lead Plaintiff and Robbins Geller as Lead Counsel in June 2021;

(b)      conducted an extensive investigation culminating in the filing of the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint," ECF 43) in November 2021;

(c)      conducted confirmatory discovery (documents produced by Defendants from their internal files); and

4859-1730-6451.v1

(d)     engaged in hard-fought settlement negotiations beginning in December 2021, culminating in the settlement of the Action in principle in September 2022.

6.      The substantial investigation and settlement negotiations outlined herein meaningfully informed Lead Counsel of the case's strengths and weaknesses.  Lead Counsel consistently considered this information in determining the best course of action for the Class. While Lead Plaintiff is confident that proceeding through fact and expert discovery could unveil further evidence in support of its claims, Lead Plaintiff also understands the substantial risk and delays of proceeding with further discovery, summary judgment, trial, and any possible appeals.

7.      Lead Plaintiff alleges that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder by making materially false and misleading statements and omissions concerning the Company's risk management, credit quality monitoring processes, and credit exposure monitoring and by engaging in a fraudulent scheme, acts, practices, and course of business that deceived investors.  ¶¶3-6.[2] While the parties were able to reach a Settlement early in the case, there is no doubt that Defendants would have vigorously asserted certain defenses throughout the Litigation and at trial.

8.      Accordingly, the proposed Settlement avoids the substantial additional costs and risks of further litigating liability and damages if this case were to continue.  Indeed, Lead Plaintiff faced substantial risk that the case would be fully or partially adjudicated against it following a motion to dismiss or subsequent motion for summary judgment, reducing the potential recovery or even disposing of the claims entirely.  Given the significant risks in continuing to litigate this Action, Lead Counsel concluded that the $32,500,000 Settlement is in the best interest of the Class.

---

[2]    All "¶_" or "¶¶_" references are to the Complaint, unless otherwise stated.

- 3 -

9.      The proposed Settlement is the direct result of Lead Plaintiff's and Lead Counsel's skill and relentless efforts over the past two years on behalf of the Class.  The Settlement is also the product of the parties' serious, months-long, arm's-length negotiations.  These negotiations were conducted by experienced counsel from both sides who are closely connected to the Litigation.

10.      Lead Plaintiff also seeks approval of the proposed Plan of Allocation, which Lead Counsel respectfully submits is fair and reasonable.  The Plan of Allocation is based on an analysis by Lead Plaintiff's damages and loss causation consultant.  As further described below and in the Notice, the Plan of Allocation provides a formula for calculating the recognized claim of each Class Member that submits a Proof of Claim and Release, based on information such as when the Class Member purchased and sold its Credit Suisse ADRs on the open market.  Each Authorized Claimant, including Lead Plaintiff, will receive a *pro rata* distribution pursuant to the Plan of Allocation, and Lead Plaintiff will be subject to the same formula for distribution of the Net Settlement Fund as other Class Members.  Accordingly, the Plan of Allocation does not treat Lead Plaintiff or any other Class Member preferentially.

11.      Lead Counsel prosecuted the Litigation on a wholly contingent basis, advancing and incurring litigation expenses and charges during the pendency of the Action.  Lead Counsel shouldered risk in doing so and, to this date, has not received any compensation for its efforts.  Accordingly, in consideration of its extensive efforts on behalf of the Class, Lead Counsel is applying for an award of attorneys' fees in the amount of 27.5% of the Settlement Amount plus interest.

12.      The requested fee is within the range of fees awarded in similar PSLRA securities class action settlements and is fully justified in light of the substantial benefits conferred on the Class, the significant risks overcome in achieving the Settlement, the quality of representation, and

- 4 -

the nature and extent of the legal services Lead Counsel performed in this complex litigation. To date, no Class Members have objected, which suggests Class-wide approval of both the Settlement and the requested fees. Lead Counsel submits that the fee application is fair to the Class under all applicable standards and warrants the Court's approval.

13.     Lead Counsel also seeks an award in the amount of $19,656.48 plus interest for expenses and charges reasonably and necessarily committed to the prosecution of the Litigation over the last two years. These expenses include: (a) fees and expenses of consultants whose services were required for a fulsome investigation and analysis of the case; (b) online factual and legal research; and (c) administrative expenses.

## II.     THE SETTLEMENT

14.     The relevant facts and allegations are set forth in Lead Plaintiff's: (a) Complaint; and (b) concurrently filed Memorandum of Law in Support of Lead Plaintiff's Motion for Final Approval of Settlement and Approval of Plan of Allocation and for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4) ("Final Approval Memorandum").

15.     Securities class actions are complex and challenging cases and, given the stakes involved, result in defendants hiring some of the largest law firms and vigorously disputing liability and damages. This case was no exception. The legal risks to continued litigation are discussed in the Final Approval Memorandum and include Defendants' challenges to: (a) Lead Plaintiff's ability to plead and prove the elements of its claims, including falsity, materiality, and scienter; and (b) Lead Plaintiff's ability to establish loss causation and damages.

4859-1730-6451.v1

16.     The Settlement was reached on September 12, 2022.  Prior to that date, Lead Counsel and Lead Plaintiff had engaged in litigation and negotiations that allowed them to be informed about the benefits of settlement and risks of ongoing litigation.  For example:

(a)     Lead Counsel conducted a comprehensive investigation into the facts, circumstances, and potential claims and defenses, which included analysis of SEC filings, media and analyst reports, press releases, shareholder communications, relevant case law and authorities, and other publicly available information;

(b)     Lead Counsel used the materials obtained from its investigation in preparing the Complaint;

(c)     Beginning December 13, 2021, Lead Counsel participated in (and Lead Plaintiff received updates regarding) settlement negotiations, during which each side engaged in discussions regarding their respective views on the claims, defenses, and damages;

(d)     Lead Counsel and Lead Plaintiff continued to engage in extensive settlement negotiations after Lead Counsel successfully secured confirmatory document discovery from Defendants to better assess the risks associated with further litigation; and

(e)     Lead Counsel and Lead Plaintiff communicated before and during the settlement negotiations and exchange of information.

17.     The $32,500,000 all-cash Settlement is a favorable result considering the immediate benefit to the Class and the risks posed by continuing litigation.  As set forth more fully in the Final Approval Memorandum, the Settlement was reached after almost two years of litigation, confirmatory discovery, and negotiations; the Settlement was the result of an arm's-length settlement process between experienced parties and counsel; and the Settlement provides an immediate and significant recovery without the risks, uncertainties, and delay of continued litigation.  For the

4859-1730-6451.v1

reasons set forth in the Final Approval Memorandum, Lead Counsel believes that the Settlement is fair, reasonable, and in the best interest of the Class.

## III.   THE PLAN OF ALLOCATION

18.     Upon approval by the Court, the Plan of Allocation governs the method by which the Net Settlement Fund will be distributed on a *pro rata* basis to Class Members who submit valid, timely Proof of Claim and Release forms.  The proposed Plan of Allocation is set forth in the Notice.

19.     The proposed Plan of Allocation was developed in consultation with Robbins Geller's in-house damages consultant, reflects the statutory scheme and damages theory for the claims alleged, and is similar to plans of allocation used in other settlements resolving Exchange Act claims.

20.     Thus, the Plan of Allocation is designed to fairly and reasonably allocate the Net Settlement Fund among eligible Class Members.  For the reasons set forth in the Final Approval Memorandum, Lead Counsel respectfully submits that the Plan of Allocation is fair and reasonable and should be approved.

## IV.   THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

21.     Lead Counsel respectfully requests that the Court award 27.5% of the $32,500,000 Settlement Amount for attorneys' fees.  For the reasons set forth in the Final Approval Memorandum, Lead Counsel believes such a fee is reasonable and appropriate.  The fee request is also consistent with, and below, fee percentages awarded in similar recent cases in this District as set forth in the Final Approval Memorandum.  Lead Counsel further requests an award of $19,656.48 in litigation expenses and charges in connection with the prosecution of this Litigation.  Arguments and authorities supporting the requested fees and expenses are set forth in more detail in the Final Approval Memorandum.

4859-1730-6451.v1

22.     Lead Counsel's time and resources in the research, investigation, and prosecution of this Litigation are set forth in the Declaration of Jason C. Davis Filed on Behalf of Robbins Geller Rudman & Dowd LLP in Support of Application for Award of Attorneys' Fees and Expenses ("Robbins Geller Decl."), submitted herewith.  Included in that Declaration is a summary of the time and expenses incurred by Lead Counsel in this Litigation.

23.     As set forth in the Final Approval Memorandum, Lead Counsel worked diligently to obtain a favorable result for the Class.  The recovery obtained for the Class is the direct result of the significant efforts of attorneys who possess substantial experience in the prosecution of complex securities class actions.  *See* www.rgrdlaw.com.

24.     On the other side, Defendants were represented by experienced lawyers from a large and well known defense firm, Cahill Gordon & Reindel LLP.  The ability of Lead Counsel to obtain the Settlement in the face of such opposition confirms the quality of Lead Counsel's representation.

25.     From the outset, Lead Counsel understood that its attorneys and paraprofessionals would have to devote a significant amount of time and effort to the prosecution of this case.  The time spent by Lead Counsel on this case was at the expense of the time that it could have devoted to other matters.  Lead Counsel undertook this case solely on a contingent fee basis, assuming a risk that the case would yield no recovery and leave Lead Counsel uncompensated.  The only way Lead Counsel would be compensated was to achieve a successful result.

26.     Unlike counsel for Defendants, who are generally paid an hourly rate and paid for their time and expenses on a periodic basis, Lead Counsel has not been compensated for any time or expenses since this case was initiated.  To date, Lead Counsel has litigated the Action and negotiated the Settlement without any payment, during which time Lead Counsel, *inter alia*, conducted a

4859-1730-6451.v1

thorough investigation, drafted the Complaint, conducted confirmatory discovery, and engaged in extensive settlement negotiations.

27.    Lead Counsel's substantial experience and advocacy were essential in presenting the strengths of this case in pleadings and settlement negotiations in order to achieve a favorable settlement and convince Defendants and defense counsel of the risks Defendants faced from continuing to litigate the Action.  To that end, Lead Counsel assembled an experienced litigation team, as set forth in the firm's resume.

28.    The undersigned was a lead attorney assigned to this matter from Robbins Geller and is an experienced securities class action litigator.  *See* Robbins Geller Decl., Ex. D at 72 (also available at www.rgrdlaw.com).

29.    If the Action had not settled, Lead Counsel was fully prepared to litigate this case through the complex stages of pretrial litigation, trial, and any appeals.  Lead Counsel only recommended settlement after extensive efforts to obtain the best possible result for the Class.

30.    As detailed in the Final Approval Memorandum, in light of the favorable recovery obtained, the complexity of the issues presented, the effort and skill exhibited by Lead Counsel, the contingent nature of Lead Counsel's representation, the fee awards in comparable class actions, and Lead Plaintiff's negotiation and endorsement of the requested fee, Lead Counsel believes the requested fee and litigation expense awards are reasonable and appropriate, particularly when considering the policy of incentivizing counsel to take on and diligently pursue meritorious securities class actions.

## V.    CONCLUSION

31.    In view of the immediate, certain, and favorable recovery to the Class and the challenges presented by the claims against Defendants and facts of this case, as described above and

4859-1730-6451.v1

in the accompanying Final Approval Memorandum, Lead Counsel respectfully submits that the Settlement should be approved as fair, reasonable, and adequate and that the proposed Plan of Allocation should likewise be approved as fair, reasonable, and adequate.  In view of the recovery achieved and the risks overcome in litigating this matter, *inter alia*, as described above and in the accompanying Final Approval Memorandum, Lead Counsel respectfully submits that the fee and expense application should be approved.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 31st day of March, 2023, at San Francisco, California.

s/ Jason C. Davis
JASON C. DAVIS

- 10 -

4859-1730-6451.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 31, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Jason C. Davis
JASON C. DAVIS

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
Email: jdavis@rgrdlaw.com

4859-1730-6451.v1

# Mailing Information for a Case 1:21-cv-03385-NRB City of St. Clair Shores Police and Fire Retirement System v. Credit Suisse Group AG et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Erin Whitney Boardman**
  eboardman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,khuang@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Richard William Gonnello**
  rgonnello@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **David George Januszewski**
  djanuszewski@cahill.com,MA@cahill.com

- **Joel Laurence Kurtzberg**
  JKurtzberg@cahill.com,MA@cahill.com

- **Adam Shawn Mintz**
  amintz@cahill.com,MA@cahill.com

- **Edward Nathaniel Moss**
  EMoss@cahill.com,edward-moss-3905@ecf.pacerpro.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Sheila Chithran Ramesh**
  sramesh@cahill.com,MA@cahill.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,malbert@ecf.courtdrive.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven B. Singer**
  ssinger@saxenawhite.com,e-file@saxenawhite.com

- **Herbert Scott Washer**
  hwasher@cahill.com,MA@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)