# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————— x

CITY OF ST. CLAIR SHORES POLICE AND
FIRE RETIREMENT SYSTEM, Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiff,

     vs.

CREDIT SUISSE GROUP AG, THOMAS
GOTTSTEIN, DAVID R. MATHERS, LARA J.
WARNER and BRIAN CHIN,

                  Defendants.

———————————————————————————— x

Civil Action No. 1:21-cv-03385-NRB

CLASS ACTION

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:     ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED AMERICAN DEPOSITORY RECEIPTS ("ADRs") OF CREDIT SUISSE GROUP AG ("CREDIT SUISSE") DURING THE PERIOD FROM OCTOBER 29, 2020 THROUGH MARCH 31, 2021, INCLUSIVE (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION WHETHER OR NOT YOU ACT. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE APRIL 6, 2023**. IF YOU HAVE QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE SETTLEMENT, PLEASE DO NOT CONTACT CREDIT SUISSE OR ITS COUNSEL. ALL QUESTIONS SHOULD BE DIRECTED TO LEAD COUNSEL (*SEE* SECTION V BELOW).

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of the pendency and proposed settlement of the case entitled *City of St. Clair Shores Police and Fire Retirement System v. Credit Suisse Group AG, et al.*, No. 1:21-cv-03385-NRB (the "Litigation") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement as set forth in the Stipulation of Settlement between Lead Plaintiff and Defendants, dated as of September 12, 2022 (the "Stipulation"), on file with the Court.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to (i) the truth of the allegations in this Litigation or any other litigation as to any of the Defendants or their Related Parties; (ii) the merits of the claims or defenses asserted by or against Defendants or their Related Parties; or (iii) that the consideration to be given under the settlement represents the amount which could be or would have been recovered after trial. This Notice is solely to advise you of the pendency and proposed settlement of the Litigation and of your rights in connection therewith.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation, which is available at www.CreditSuisseSecuritiesSettlement.com.

## I.    STATEMENT OF LEAD PLAINTIFF'S RECOVERY

The proposed settlement will create a cash fund in the principal amount of Thirty-Two Million Five Hundred Thousand Dollars ($32,500,000.00) (the "Settlement Amount"), plus any interest that may accrue thereon less certain deductions (the "Settlement Fund").

This is a securities class action brought against Credit Suisse and certain of its current and former senior executives alleging that Defendants made materially false and misleading statements to investors during the period from October 29, 2020 through March 31, 2021, inclusive (the "Class Period"), in violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Lead Plaintiff alleges that during the Class Period, Defendants made false and misleading statements regarding Credit Suisse's risk management, including its risk limits, credit exposure, and credit quality monitoring process. In particular, Lead Plaintiff alleges that while Defendants made a number of allegedly false and misleading statements about the bank's commitment to risk management, the bank nevertheless allowed certain hedge funds and other "prime" customers to make risky, multi-billion-dollar bets on credit violating Credit Suisse's risk limits. Lead Plaintiff also alleges that Credit Suisse's alleged breach of its core commitment to risk management, including its risk limits, led to at least $5.5 billion in losses from credit exposure losses incurred by one of the bank's largest hedge fund customers.  Upon news of these losses, the price of Credit Suisse ADRs declined over 17% in a matter of days, according to Lead Plaintiff's allegations.

Defendants deny Lead Plaintiff's allegations. At the time of the proposed settlement, Lead Plaintiff had conducted an extensive investigation and drafted a detailed complaint consistent with that investigation. Defendants at all times denied that they had made any false statements or omissions, and continue to maintain that their statements complied with all applicable laws and regulations in the United States and elsewhere.

The Settlement Fund, subject to deduction for, among other things, costs of class notice and administration and certain taxes and tax-related expenses, and for attorneys' fees and expenses as approved by the Court and for certain expenses of Lead Plaintiff, will be available for distribution to Class Members. Your recovery from this fund will depend on a number of variables, including the number of Credit Suisse ADRs you purchased or acquired during the Class Period, the timing of your purchases and any sales, and how many other Class Members make claims. While the recovery for any Class Member is dependent on numerous factors, including the timing and price of a Class Member's transactions in Credit Suisse ADRs, if all eligible Class Members make claims, it is estimated that the average distribution per eligible Credit Suisse ADR will be approximately $0.39, before deduction of Court-approved fees and expenses. In the event that less than 100% of eligible Class Members make claims here, the per-ADR distributions on average would be more than $0.39 (before deduction of Court-approved fees and expenses).

## II.    STATEMENT OF POTENTIAL OUTCOME

In addition to disagreeing on whether or not Defendants made any false or misleading statements, Lead Plaintiff and Defendants do not agree on the average amount of damages per Credit Suisse ADR, if any, that would have been recoverable if Lead Plaintiff was to have prevailed on each claim alleged.

At trial, Lead Plaintiff would have presented expert testimony that alleged disclosures regarding the collapse of certain of its customers, which allegedly corrected the alleged false and misleading statements regarding risk management, caused the trading price of Credit Suisse ADRs to decline during the March 29-31, 2022 period.

At trial, Defendants would have taken the position, also supported by their expert testimony, that none of the declines in the trading price of Credit Suisse ADRs could be attributed to any corrective disclosure related to the alleged fraud, and that, therefore, Class Members had suffered no damages at all. Defendants would also have asserted that there was no evidence that any of the alleged false and misleading statements were actionable under applicable law, including because of their assertion that they were not false and were in fact true. Defendants would also have asserted, among other things, that they did not act with the requisite scienter.

In short, the parties disagree on the merits of this case, including whether or not: (a) false and misleading statements or omissions were made; (b) Defendants acted with the requisite scienter; and (c) damages were suffered and are recoverable. Thus, although Lead Plaintiff continues to maintain that it brought meritorious claims, Defendants deny any wrongdoing whatsoever and deny that they are liable in any respect or that Lead Plaintiff or the Class suffered any injury. Accordingly, recovery of any amount at trial was far from certain.

### III.    REASONS FOR SETTLEMENT

Lead Plaintiff believes that the proposed settlement is a very good recovery and is in the best interests of the Class. Although the parties disagree about the amount of damages in this case, Lead Plaintiff's damages consultant estimates, consistent with the Plan of Allocation below, that recoverable damages approach approximately $90 million. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed or, if they had, how much, if any, damages could be recoverable. The proposed settlement provides a certain benefit to Class Members and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

In light of these risks, the amount of the settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed settlement is fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel believe that the settlement provides a substantial benefit to the Class, namely $32,500,000.00 in cash (less the deductions described in this Notice), which is a significant percentage of estimated recoverable damages, as compared to the risk that the claims in the Litigation would produce a smaller, or no, recovery after a class certification motion, summary judgment motions, trial, and appeals, possibly years in the future.

Defendants have denied all claims asserted against them in the Litigation and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the settlement solely to eliminate the burden, distraction, and expense of continued litigation. Accordingly, the settlement may not be construed as an admission of any wrongdoing or liability whatsoever by Defendants or their Related Parties (as defined herein).

### IV.    STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT

Lead Counsel has not received any payment for its services in conducting this Litigation on behalf of Lead Plaintiff and the Class Members, nor has it been paid for its litigation expenses. If the settlement is approved by the Court, Lead Counsel will apply to the Court for an award of attorneys' fees and expenses. Lead Counsel has advised that its application for attorneys' fees will not exceed 27.5% of the Settlement Amount and its application for expenses will not exceed $50,000.00, plus interest thereon, to be paid from the Settlement Fund. If the amounts requested are approved by the Court, the average cost per Credit Suisse ADR, based on a 100% claim rate, will be $0.11. In addition, Lead Plaintiff may seek the Court's approval for up to $5,000.00 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

### V.    IDENTIFICATION OF ATTORNEYS' REPRESENTATIVES

For further information regarding this settlement, you may contact a representative of Lead Counsel: Jason C. Davis, Robbins Geller Rudman & Dowd LLP, Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, CA 94104, Telephone: 1-800-449-4900; Email: settlementinfo@rgrdlaw.com. Additional information, including copies of pleadings and documents filed in the case, is also available on the settlement website at www.CreditSuisseSecuritiesSettlement.com.

### VI.    NOTICE OF HEARING ON PROPOSED SETTLEMENT

The "Settlement Hearing" will be held on May 11, 2023, at 11:00 a.m., before the Honorable Naomi Reice Buchwald, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21A, New York, NY 10007-1312. The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of Thirty-Two Million Five Hundred Thousand Dollars ($32,500,000.00) in cash, should be approved as fair, reasonable, and adequate to the Class Members; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Litigation with prejudice against Defendants, and whether the releases specified and described in the Stipulation (and in this Notice) should be granted; (3) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; and (4) whether the application by Lead Counsel for an award of attorneys' fees and expenses and the expenses of Lead Plaintiff should be approved, and, if so, in what amounts.

The Court may adjourn the Settlement Hearing from time to time and without further notice to the Class. The Court may also approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

- 3 -

## VII.    DEFINITIONS USED IN THIS NOTICE

As used in this Notice, the following terms have the meanings specified below. Any capitalized terms not specifically defined in this Notice shall have the meanings set forth in the Stipulation. In the event of any inconsistency between any definition set forth below or elsewhere in this Notice and any definition set forth in the Stipulation, the definition set forth in the Stipulation shall control.

1.    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.    "Claims Administrator" means the firm of Gilardi & Co. LLC.

3.    "Class" means all persons who purchased or otherwise acquired Credit Suisse ADRs from October 29, 2020 through March 31, 2021, inclusive. Excluded from the Class are Defendants and members of their immediate families, the officers and directors of the Company at all relevant times and members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any persons and entities who are found by the Court to have timely and validly requested exclusion.

4.    "Class Member" means a Person who falls within the definition of the Class as set forth above.

5.    "Class Period" means the period from October 29, 2020 through March 31, 2021, inclusive.

6.    "Court" means the United States District Court for the Southern District of New York.

7.    "Credit Suisse" means Credit Suisse Group AG.

8.    "Credit Suisse ADR" means an American Depository Receipt that evidences an ownership interest in a specified number of American Depository Shares, which in turn, represent an interest in a specified number of ordinary shares of Credit Suisse.

9.    "Defendants" means Credit Suisse, Thomas Gottstein, David R. Mathers, Lara J. Warner, and Brian Chin.

10.    "Defendants' Counsel" means Cahill Gordon & Reindel LLP.

11.    "Effective Date," or the date upon which this settlement becomes "effective," means one (1) business day after the date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred or have been waived.

12.    "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor.

13.    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached thereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of the Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of (i) Lead Counsel's attorneys' fees and expenses, (ii) payments to Lead Plaintiff for its time and expenses, (iii) the Plan of Allocation of the Settlement Fund, as hereinafter defined, or (iv) the procedures for determining Authorized Claimants' recognized claims. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to one or more of (i)–(iv) shall not in any way delay or preclude a judgment from becoming Final.

14.    "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

15.    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached as Exhibit B to the Stipulation.

16.    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

17.    "Lead Plaintiff" or the "Pension Plan" means Sheet Metal Workers Pension Plan of Northern California.

18.    "Litigation" means the action captioned *City of St. Clair Shores Police and Fire Retirement System v. Credit Suisse Group AG, et al.*, No. 1:21-cv-03385-NRB.

19.    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, expenses, and interest and any award to Lead Plaintiff provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

20.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

21.    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

22.    "Related Parties" means each of a Defendant's respective present and former parents, subsidiaries, joint ventures, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, attorneys, advisors, accountants, auditors, and insurers of each of them; and the predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns of each of them, in their capacity as such.

23.    "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, local, foreign, statutory or common law, or any other law, rule or regulation, whether asserted or unasserted, fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, against Defendants or their Related Parties, arising out of, based upon, or in any way relating to both: (i) the allegations, claims, circumstances, events, transactions, facts, matters, occurrences, representations or omissions involved in, set forth, or alleged or referred to in the Litigation, or which could have been alleged in the Litigation, and (ii) the purchase, acquisition, holding, sale, or disposition of any Credit Suisse ADRs or ordinary shares during the Class Period. Released Claims does not include any claims relating to the enforcement of the settlement or any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

24.    "Released Persons" means each and all of the Defendants and their Related Parties.

25.    "Settlement Amount" means Thirty-Two Million Five Hundred Thousand Dollars ($32,500,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶3.1 of the Stipulation.

26.    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

27.    "Settling Parties" means, collectively, Defendants, Lead Plaintiff, and the Class.

28.    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

29.     "Unknown Claims" means any Released Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement or seek exclusion from the Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the U.S., or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

30.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

## VIII.     THE LITIGATION

On April 16, 2021, Robbins Geller Rudman & Dowd LLP ("Robbins Geller") filed a Complaint for Violation of the Federal Securities Laws on behalf of plaintiff City of St. Clair Shores Police and Fire Retirement System and a putative class of all purchasers of Defendants' ADRs (as defined above) from October 29, 2020 through March 31, 2021, inclusive, alleging claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 against: (i) Credit Suisse; (ii) Thomas Gottstein, CEO of Credit Suisse; (iii) Lara J. Warner, Chief Risk and Compliance Officer of Credit Suisse; and (iv) David R. Mathers, Chief Financial Officer of Credit Suisse, arising out of allegedly false and misleading statements and omissions pertaining to Credit Suisse's focus on risk management.

On June 15, 2021, on behalf of the Pension Plan as the "most adequate plaintiff," Robbins Geller moved for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel. On August 13, 2021, the Court entered an Order appointing the Pension Plan as Lead Plaintiff and Robbins Geller as Lead Counsel.

On November 11, 2021, the Pension Plan filed the Amended Complaint for Violations of the Federal Securities Laws ("AC"), comprised of 42 pages and 93 numbered paragraphs. The AC alleged that Credit Suisse and the other defendants misrepresented and/or omitted material information concerning: (i) Credit Suisse's commitment to risk management; (ii) the adequacy of Credit Suisse's internal risk controls; and (iii) the implementation and effectiveness of new risk controls implemented in the wake of Credit Suisse's alleged previous risk management failures. The AC also added as a defendant Brian Chin, who served as CEO of Credit Suisse's investment banking division at all relevant times until in or about April 2021.

Subsequently, the parties engaged in further discussions, and on December 27, 2021, the parties reached an agreement-in-principle to resolve the Litigation, which agreement they memorialized the same day (subject to Lead Counsel conducting certain confirmatory discovery and the negotiation and further memorialization of mutually acceptable terms in the Stipulation). On January 27, 2022, the parties advised the Court of their agreement-in-principle to resolve this Litigation. Thereafter, the parties negotiated the terms of the Stipulation.

## IX.    TERMS OF THE PROPOSED SETTLEMENT

A proposed settlement has been reached in the Litigation between Lead Plaintiff and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Lead Counsel and an award to Lead Plaintiff in connection with its representation of the Class, to pay for this Notice and the processing of claims submitted by Class Members, and to pay Taxes and Tax Expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Class Members who submit valid and timely Proofs of Claim.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

## X.    REQUESTING EXCLUSION FROM THE CLASS

Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Class, addressed to:

*Credit Suisse Securities Settlement*
EXCLUSIONS
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

The request for exclusion must: (1) include your name, address, and telephone number; (2) state that you "request exclusion from the Class"; (3) state the date(s), price(s), and amount(s) of Credit Suisse ADRs that you purchased, sold, or otherwise acquired or disposed of during the period October 29, 2020 to March 31, 2021, inclusive; and (4) be signed by you or your representative. YOUR EXCLUSION REQUEST MUST BE POSTMARKED NO LATER THAN APRIL 20, 2023. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

No further opportunity to request exclusion will be given in this Litigation. If you choose to be excluded from the Class: (a) you are not entitled to share in the proceeds of the settlement described herein; (b) you are not bound by any judgment entered in the Litigation; and (c) you are not precluded by the settlement from otherwise prosecuting an individual claim against Defendants, to the extent any such claim exists, based on the matters complained of in the Litigation.

**If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.**

Credit Suisse has the right to terminate the settlement if valid requests for exclusion are received from persons and entities entitled to be Class Members in an amount that exceeds an amount agreed to by Lead Plaintiff and Credit Suisse.

## XI.    THE RIGHTS OF CLASS MEMBERS WHO WISH TO PARTICIPATE IN THE SETTLEMENT OR WHO TAKE NO ACTION

If you are a Class Member and have not elected to request exclusion, you have the following options:

1.    You may submit a Proof of Claim as described below. If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

2.    You may do nothing at all. If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you will have fully released all of the Released Claims against the Released Persons.

3.      You may object to the settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses in the manner described in Section XVII below.

4.      If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before April 20, 2023, and must serve copies of such appearance on the attorneys listed in Section XVII below. If you do not enter an appearance through counsel of your own choosing, you will be represented by Lead Counsel: Robbins Geller Rudman & Dowd LLP, Jason C. Davis, Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, CA 94104.

## XII.    PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who are entitled to a distribution from the Net Settlement Fund and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid their *pro rata* share of the Net Settlement Fund–the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

A claim will be calculated as follows:

1.      Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Credit Suisse ADRs during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

| Inflation Period | Inflation per ADR |
|---|---|
| October 29, 2020 – March 28, 2021 | $2.27 |
| March 29, 2021 | $0.79 |
| March 30, 2021 | $0.39 |

2.      For Credit Suisse ADRs purchased, or acquired, on or between October 29, 2020 through and including March 30, 2021, the claim per ADR shall be as follows:

(a)      If sold prior to March 29, 2021, the claim per ADR is $0.00;

(b)      If sold on or between March 29, 2021 through March 31, 2021, the claim per ADR shall be the lesser of: (i) the inflation per ADR at the time of purchase less the inflation per ADR at the time of sale; and (ii) the difference between the purchase price and the selling price;

(c)      If retained at the end of March 31, 2021 and sold on or before June 28, 2021, the claim per ADR shall be the least of: (i) the inflation per ADR at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below;

(d)      If retained at the end of June 28, 2021, or sold thereafter, the claim per ADR shall be the lesser of: (i) the inflation per ADR at the time of purchase; and (ii) the difference between the purchase price and $10.62.

3.      For Credit Suisse ADRs purchased, or acquired, on March 31, 2021, the claim per ADR shall be zero.

**Table A**

| Date | Price | Average Closing Price | Date | Price | Average Closing Price |
|---|---|---|---|---|---|
| 3/31/2021 | $10.60 | $10.60 | 5/14/2021 | $10.45 | $10.53 |
| 4/1/2021 | $10.70 | $10.65 | 5/17/2021 | $10.51 | $10.53 |
| 4/5/2021 | $10.87 | $10.72 | 5/18/2021 | $10.41 | $10.53 |
| 4/6/2021 | $10.97 | $10.79 | 5/19/2021 | $10.46 | $10.53 |
| 4/7/2021 | $10.87 | $10.80 | 5/20/2021 | $10.76 | $10.53 |
| 4/8/2021 | $10.95 | $10.83 | 5/21/2021 | $10.69 | $10.54 |
| 4/9/2021 | $10.65 | $10.80 | 5/24/2021 | $10.77 | $10.55 |
| 4/12/2021 | $10.71 | $10.79 | 5/25/2021 | $10.78 | $10.55 |
| 4/13/2021 | $10.63 | $10.77 | 5/26/2021 | $10.88 | $10.56 |
| 4/14/2021 | $10.64 | $10.76 | 5/27/2021 | $11.14 | $10.57 |
| 4/15/2021 | $10.76 | $10.76 | 5/28/2021 | $11.02 | $10.58 |
| 4/16/2021 | $10.85 | $10.77 | 6/1/2021 | $11.14 | $10.60 |
| 4/19/2021 | $10.70 | $10.76 | 6/2/2021 | $11.12 | $10.61 |
| 4/20/2021 | $10.29 | $10.73 | 6/3/2021 | $11.15 | $10.62 |
| 4/21/2021 | $10.38 | $10.70 | 6/4/2021 | $11.18 | $10.63 |
| 4/22/2021 | $10.01 | $10.66 | 6/7/2021 | $11.11 | $10.64 |
| 4/23/2021 | $10.45 | $10.65 | 6/8/2021 | $10.93 | $10.65 |
| 4/26/2021 | $10.27 | $10.63 | 6/9/2021 | $10.78 | $10.65 |
| 4/27/2021 | $10.61 | $10.63 | 6/10/2021 | $10.68 | $10.65 |
| 4/28/2021 | $10.77 | $10.63 | 6/11/2021 | $10.70 | $10.65 |
| 4/29/2021 | $10.73 | $10.64 | 6/14/2021 | $10.66 | $10.65 |
| 4/30/2021 | $10.57 | $10.64 | 6/15/2021 | $10.76 | $10.66 |
| 5/3/2021 | $10.61 | $10.63 | 6/16/2021 | $10.69 | $10.66 |
| 5/4/2021 | $10.34 | $10.62 | 6/17/2021 | $10.42 | $10.65 |
| 5/5/2021 | $10.37 | $10.61 | 6/18/2021 | $10.17 | $10.64 |
| 5/6/2021 | $10.37 | $10.60 | 6/21/2021 | $10.26 | $10.64 |
| 5/7/2021 | $10.39 | $10.59 | 6/22/2021 | $10.16 | $10.63 |
| 5/10/2021 | $10.15 | $10.58 | 6/23/2021 | $10.20 | $10.62 |
| 5/11/2021 | $10.10 | $10.56 | 6/24/2021 | $10.59 | $10.62 |
| 5/12/2021 | $10.07 | $10.55 | 6/25/2021 | $10.77 | $10.62 |
| 5/13/2021 | $10.28 | $10.54 | 6/28/2021 | $10.57 | $10.62 |

The following examples illustrate how this Plan of Allocation works:

Example 1: A Class Member purchases 100 ADRs on January 12, 2021 at $14.00 per ADR and sells the 100 ADRs on March 19, 2021 for $13.00 per ADR.  The claim for these ADRs will be $0.00 because the inflation per ADR at time of purchase is equal to the inflation per ADR at the time of sale ($2.27 - $2.27 = $0.00).

Example 2: A Class Member purchases 100 ADRs on January 12, 2021 at $14.00 per ADR and sells the 100 ADRs on March 29, 2021 for $11.00 per ADR.  The claim for these ADRs will be the lesser of: (i) the inflation per ADR at the time of purchase less the inflation per ADR at the time of sale ($2.27 - $0.79 = $1.48); and (ii) the difference between the purchase price and the selling price ($14.00 - $11.00 = $3.00).  The claim per ADR is $1.48 ($1.48 < $3.00).

Example 3: A Class Member purchases 100 ADRs on March 29, 2021 at $11.00 per ADR and sells the 100 ADRs on May 6, 2021 for $10.37 per ADR.  The claim for these ADRs will be the least of: (i) the inflation per ADR at the time of purchase ($0.79); (ii) the difference between the purchase price and the selling price ($11.00 - $10.37 = $0.63); and (iii) the difference between the purchase price and the average closing price on May 6, 2021 ($11.00 - $10.60 = $0.40). The claim per ADR is $0.40 ($0.40 < $0.63 < $0.79).

Example 4: A Class Member purchases 100 ADRs on January 12, 2021 at $14.00 per ADR and sells the 100 ADRs on July 1, 2021 for $10.50 per ADR.  The claim for these ADRs will be the lesser of: (i) the inflation per ADR at the time of purchase ($2.27); and (ii) the difference between the purchase price and $10.62 ($14.00 - $10.62 = $3.38). The claim per ADR is $2.27 ($2.27 < $3.38).

For Class Members who held Credit Suisse ADRs at the beginning of the Class Period or made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Credit Suisse ADRs during the Class Period will be matched, in chronological order, first against Credit Suisse ADRs held at the beginning of the Class Period. The remaining sales of Credit Suisse ADRs during the Class Period will then be matched, in chronological order, against Credit Suisse ADRs purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Credit Suisse ADRs described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Credit Suisse ADRs that have been matched against Credit Suisse ADRs held at the beginning of the Class Period will not be used in the calculation of such net loss.

No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction over an appeal by any Class Member of the Claims Administrator's determinations regarding a Class Member's claim or to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, Defendants' Counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiff, Lead Counsel, any claims administrator, or other Person designated by Lead Counsel, or Defendants or Defendants' Counsel, based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court.

### XIII.    PARTICIPATION IN THE SETTLEMENT

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM.** A Proof of Claim is enclosed with this Notice or it may be downloaded at www.CreditSuisseSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail or submit it online so that it is postmarked (if mailed) or received (if filed electronically) no later than April 6, 2023. The Claim Form may be submitted online at www.CreditSuisseSecuritiesSettlement.com. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

### XIV.    DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter the Judgment. In addition, upon the Effective Date, Lead Plaintiff and each of the Class Members, for themselves and for any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether Lead Plaintiff or any such Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims[2] against the Released Persons, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute any such Released Claim against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

### XV.    APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed 27.5% of the Settlement Amount, plus expenses not to exceed $50,000.00, plus interest thereon. In addition, Lead Plaintiff may seek the Court's approval for an award of up to $5,000.00 in connection with its representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The fee requested by Lead Counsel will compensate counsel for its efforts in achieving the settlement for the benefit of the Class, and for its risk in undertaking this representation on a wholly contingent basis. Lead Counsel believes that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type. The fee to be requested has been approved by Lead Plaintiff.

---

[2]    The release provides that you are giving up the right to sue Defendants in connection with transactions in both Credit Suisse ADRs and Credit Suisse ordinary shares during the Class Period.

- 10 -

### XVI.    CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from the Judgment or to move to alter or amend the Judgment, or the determination of any such appeal or motion in a manner to permit the consummation of the settlement substantially as provided for in the Stipulation. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of December 27, 2021. In that event, the settlement will not proceed and no payments will be made to Class Members.

### XVII.    THE RIGHT TO OBJECT AND BE HEARD AT THE HEARING

Any Class Member who does not request exclusion from the Class and who objects to any aspect of the settlement, the Plan of Allocation, or the application for attorneys' fees and expenses,[3] may appear and be heard at the Settlement Hearing. However, any such Person must first submit a written notice of objection, such that it is *received* on or before April 20, 2023, by each of the following:

> ***To the Court:***
>
> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
> 500 Pearl Street
> New York, NY 10007-1312
>
> ***To Lead Counsel:***
>
> ROBBINS GELLER RUDMAN
>  & DOWD LLP
> JASON C. DAVIS
> Post Montgomery Center
> One Montgomery Street, Suite 1800
> San Francisco, CA 94104
>
> ***To Defendants' Counsel:***
>
> CAHILL GORDON & REINDEL LLP
> EDWARD N. MOSS
> 32 Old Slip
> New York, NY 10005

Any objections, filings, and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; (c) must include documents sufficient to prove membership in the Class, including the number of Credit Suisse ADRs you purchased or otherwise acquired an interest in during the Class Period and sold or held during the Class Period; (d) must identify all other class action settlements to which the objector or the objector's counsel has previously objected; and (e) must state whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Only Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

---

[3]    Lead Plaintiff's submission in support of approval of this settlement, the Plan of Allocation, and the award of fees and expenses, will be filed no later than March 31, 2023.

## XVIII.    SPECIAL NOTICE TO NOMINEES

Nominees who purchased or acquired Credit Suisse ADRs for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice: (1) provide the Claims Administrator with the names and addresses of such beneficial owners; or (2) forward a copy of this Notice and the Proof of Claim by First-Class Mail to each such beneficial owner and provide Lead Counsel with written confirmation that the Notice and Proof of Claim have been so forwarded. Upon submission of appropriate documentation, Lead Counsel will reimburse your reasonable costs and expenses of complying with this provision. Additional copies of this Notice may be obtained from the Claims Administrator by writing notifications@gilardi.com or:

*Credit Suisse Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6159
Novato, CA 94948-6159

## XIX.    EXAMINATION OF PAPERS

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation. For a more detailed statement of the matters involved in the Litigation, reference is made to the pleadings, to the Stipulation, and to other papers filed in the Litigation, which may be inspected at the office of the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312. In addition, certain case- and settlement-related documents, including the Stipulation of Settlement, may be viewed at www.CreditSuisseSecuritiesSettlement.com.

If you have any questions about the settlement of the Litigation, you may contact Lead Counsel at the address listed below or by email at settlementinfo@rgrdlaw.com.

ROBBINS GELLER RUDMAN & DOWD LLP
JASON C. DAVIS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 1-800-449-4900
Email: settlementinfo@rgrdlaw.com

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: December 23, 2022

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| CITY OF ST. CLAIR SHORES POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:21-cv-03385-NRB <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| CREDIT SUISSE GROUP AG, THOMAS GOTTSTEIN, DAVID R. MATHERS, LARA J. WARNER and BRIAN CHIN, | : : : : | |
| Defendants. | : : : | |
| | x | |

**PROOF OF CLAIM AND RELEASE**

### I.    GENERAL INSTRUCTIONS

1.    It is important that you completely read and understand the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that accompanies this Proof of Claim and Release form ("Proof of Claim" or "Claim Form"), including the Plan of Allocation set forth in the Notice. The Notice describes the proposed settlement, how Class Members are affected by the settlement, and the manner in which the Net Settlement Fund will be distributed if the settlement and Plan of Allocation are approved by the Court. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.    This Claim Form is directed to all persons or entities who purchased or otherwise acquired an interest in American Depository Receipts ("ADRs") of Credit Suisse Group AG ("Credit Suisse") from October 29, 2020 through March 31, 2021, inclusive (the "Class Period") (the "Class"). Certain persons and entities are excluded from the Class, as set forth on page 4, paragraph 3 of the Notice.

3.    To recover as a Class Member based on your claims in the action entitled *City of St. Clair Shores Police and Fire Retirement System v. Credit Suisse Group AG, et al.*, No. 1:21-cv-03385-NRB (the "Litigation"), you must complete and, on page 6 hereof, sign this Proof of Claim. If you fail to submit a timely and properly addressed (as set forth in paragraph 5 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed settlement.

4.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the settlement of the Litigation. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

5.    YOU MUST MAIL OR SUBMIT ONLINE AT WWW.CREDITSUISSESECURITIESSETTLEMENT.COM YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, POSTMARKED (IF MAILED) OR RECEIVED (IF FILED ELECTRONICALLY) NO LATER THAN APRIL 6, 2023. IF MAILED, THE COMPLETED AND SIGNED PROOF OF CLAIM MUST BE SENT TO:

*Credit Suisse Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6159
Novato, CA 94948-6159

Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above. If you are NOT a Class Member, as defined in the Notice, DO NOT submit a Proof of Claim.

6.    If you are a Class Member and you have not timely requested exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

1

## II.    CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired an interest in Credit Suisse ADRs (which trade on the New York Stock Exchange under the ticker symbol "CS") and held them in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or acquired Credit Suisse ADRs and they were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of Credit Suisse ADRs that form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF CREDIT SUISSE ADRs UPON WHICH THIS CLAIM IS BASED.

All joint purchasers and acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them, and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Credit Suisse ADRs" to supply all required details of your transaction(s) in Credit Suisse ADRs. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **all** of your **purchases or acquisitions** and **all** of your **sales** of Credit Suisse ADRs which took place between October 29, 2020 and June 28, 2021, inclusive, whether or not such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to **all** of the Credit Suisse ADRs you held at the close of trading on October 28, 2020, March 31, 2021, and June 28, 2021.  Failure to report all such transactions or holdings may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Credit Suisse ADRs. The date of a "short sale" is deemed to be the date of sale of Credit Suisse ADRs.

Copies of broker confirmations or other documentation of your transactions in Credit Suisse ADRs should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

2

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*City of St. Clair Shores Police and Fire Retirement System v. Credit Suisse Group AG, et al.*

No. 1:21-cv-03385-NRB

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than April 6, 2023**

# CTSU

Please Type or Print in the Boxes Below
Do NOT use Red Ink, Pencil, or Staples

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other _____

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA    (specify)

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number

or

Taxpayer Identification Number ___ — ___

Telephone Number (Primary Daytime) ___ — ___ — ___

Telephone Number (Alternate) ___ — ___ — ___

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City    State    ZIP Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

FOR CLAIMS PROCESSING ONLY    OB ____    CB ____

○ ATP ○ KE ○ ICI    ○ BE ○ DR ○ EM    ○ FL ○ ME ○ ND    ○ OP ○ RE ○ SH

M M / D D / Y Y Y Y

FOR CLAIMS PROCESSING ONLY



3

**PART II. SCHEDULE OF TRANSACTIONS IN CREDIT SUISSE ADRs**

A. Number of Credit Suisse ADRs **held** at the close of trading on October 28, 2020:

Proof Enclosed? ○ Y ○ N

B. Purchases/acquisitions of Credit Suisse ADRs (October 29, 2020 – June 28, 2021, inclusive):

**PURCHASES**

| | Trade Date(s) (List Chronologically) | Number of ADRs Purchased or Acquired | Total Purchase or Acquisition Price | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

| M M / D D / Y Y Y Y | Merger Shares: | Company: |
|---|---|---|
| / / | | |

C. Sales of Credit Suisse ADRs (October 29, 2020 – June 28, 2021, inclusive):

**SALES**

| | Trade Date(s) (List Chronologically) | Number of ADRs Sold | Total Sales Price | Proof of Sales Enclosed? |
|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | |
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

D. Number of Credit Suisse ADRs **held** at the close of trading on March 31, 2021:

Proof Enclosed? ○ Y ○ N

E. Number of Credit Suisse ADRs **held** at the close of trading on June 28, 2021:

Proof Enclosed? ○ Y ○ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## IV. RELEASE

1.      I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Claims on my (our) behalf, in that capacity, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim (including Unknown Claims) against the Released Persons, and shall forever be barred and enjoined from bringing any action asserting any of the Released Claims against any and all of the Released Persons.

2.      "Released Persons" means each and all of the Defendants and their Related Parties.

3.      "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, local, foreign, statutory or common law, or any other law, rule or regulation, whether asserted or unasserted, fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, against Defendants or their Related Parties, arising out of, based upon, or in any way relating to both: (i) the allegations, claims, circumstances, events, transactions, facts, matters, occurrences, representations or omissions involved in, set forth, or alleged or referred to in the Litigation, or which could have been alleged in the Litigation, and (ii) the purchase, acquisition, holding, sale, or disposition of any Credit Suisse ADRs or ordinary shares during the Class Period. Released Claims does not include any claims relating to the enforcement of the settlement or any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

4.      "Unknown Claims" means any Released Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement or seek exclusion from the Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the U.S., or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

5.      This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date.

## V. CERTIFICATIONS

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.      that the claimant has **not** submitted a request for exclusion from the Class;

4.      that I (we) own(ed) Credit Suisse ADRs identified in the Claim Form and have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof, and that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;



5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases or acquisition of Credit Suisse ADRs and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Litigation; and

9.     that I (we) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Credit Suisse ADRs which are the subject of this claim, which occurred during the Class Period as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this_____ day of _____ in _____

                              (Month/Year)                                      (City/State/Country)

_____       _____
(Sign your name here)                                   (Sign your name here)

_____       _____
(Type or print your name here)                           (Type or print your name here)

_____       _____
(Capacity of person(s) signing, *e.g.*,                        (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)    Beneficial Purchaser or Acquirer, Executor or Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
### THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

### THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE AT WWW.CREDITSUISSESECURITIESSETTLEMENT.COM OR, IF MAILED, POSTMARKED NO LATER THAN APRIL 6, 2023, ADDRESSED AS FOLLOWS:

*Credit Suisse Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6159
Novato, CA 94948-6159

