**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Theodore J. Pintar
tedp@rgrdlaw.com

April 26, 2023

VIA ECF

The Honorable Naomi Reice Buchwald
Daniel Patrick Moynihan U.S. Courthouse
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

  Re: *City of St. Clair Shores Police and Fire Retirement System v. Credit Suisse Group AG, et al.*, No. 1:21-cv-03385-NRB (S.D.N.Y.)

Dear Judge Buchwald:

  We represent Lead Plaintiff Sheet Metal Workers Pension Plan of Northern California in the above-referenced case and respectfully write in response to the April 20, 2023 letter to the Court from Bruce D. Bernstein of DiCello Levitt LLC ("DiCello Levitt Letter").

  As an initial matter, the DiCello Levitt Letter expressly states that it is not an objection and does not even purport to be sent on behalf of a member of the Class of ADR purchasers. DiCello Levitt Letter at 2 n.1 (claiming to represent unnamed "institutional investors" who hold unidentified "Credit Suisse securities" and explaining that "we are simply raising concerns about, as opposed to filing an objection to, the proposed Settlement"). Accordingly, it is respectfully submitted that the Court should disregard the DiCello Levitt Letter because non-Class Members and their lawyers have no standing to object or otherwise "raise concerns" about a settlement that they are not parties to and have no direct interest in. *See Bank of Am. Corp. v. Pub. Pension Funds*, 772 F.3d 125, 129 n.4 (2d Cir. 2014) (objector must demonstrate his or her status as a class number in order to raise an objection).[1]

---

[1] The DiCello Levitt Letter claims that Lead Plaintiff's counsel told the DiCello Levitt firm that as a result of other complaints by Credit Suisse investors, the Settling Parties had agreed to a "carve-out" of the release. That is not accurate. Lead Plaintiff's counsel was never contacted by counsel for other Credit Suisse investors about the release, and there have been no "carve-outs" or any other changes to the release. Thus, it is not surprising that DiCello Levitt has been unable to locate a revised release on the docket, as there is none.

**Robbins Geller Rudman & Dowd LLP**

April 26, 2023
Page 2

If the Court is nevertheless inclined to consider the DiCello Levitt Letter, it should reject the "concerns" it raises because they are based on a fundamental misunderstanding of the release. Contrary to the DiCello Levitt Letter's conclusory assertion, the agreed-to release does ***not*** reach ***any*** claims by non-Class Members. Rather, the release only includes claims by Class Members (*i.e.*, ADR purchasers), who agreed to release their claims based on both ADRs and ordinary shares. This is entirely proper.

First, the Notice makes the scope of the release abundantly clear: "The release provides that you are giving up the right to sue Defendants in connection with transactions in both Credit Suisse ADRs and Credit Suisse ordinary shares during the Class Period." Notice of Pendency and Proposed Settlement of Class Action (Stipulation of Settlement, Exhibit A-1), at 21 n.2.

Second, the scope of the release itself is entirely proper and consistent with the law of this Circuit. In 2020, Judge Schofield approved a settlement in another securities class action against Credit Suisse that included a release by class members (and only class members) that is very similar to the one here. *See City of Birmingham Retirement and Relief System, et al. v. Credit Suisse Group AG, et al.*, No.: 1:17-cv-10014-LGS (S.D.N.Y.) (Schofield, J). Like the Class here, the "Settlement Class" in *City of Birmingham* was limited to those who traded Credit Suisse ADRs, Stipulation, ¶1.oo, while the "Released Plaintiffs' Claims" (like the release here) covered trades "of any Credit Suisse securities during the Settlement Class period." *Id.*, ¶1.jj.

Finally, no Class Member has objected to any aspect of the Settlement or fee and expense request, and the number of Class Members who chose to opt out is extremely low – just two out of over 53,000 mailed Notices. *See* Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date, ECF 82, ¶¶11-16. This likely reflects that Class Members (correctly) believe that the Settlement is eminently fair as it represents approximately 37% of recoverable damages. *See* Memorandum of Law in Support of Lead Plaintiff's Motion for Final Approval of Settlement and Approval of Plan of Allocation and for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4), ECF 79, at 1, 16.

Based on the foregoing, Lead Plaintiff respectfully requests that the Court disregard the DiCello Levitt Letter.

Respectfully submitted,

THEODORE J. PINTAR

cc: All Counsel (via ECF)

4855-8968-3295.v3