UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————— x

CITY OF ST. CLAIR SHORES POLICE AND :    Civil Action No. 1:21-cv-03385-NRB
FIRE RETIREMENT SYSTEM, Individually    :
and on Behalf of All Others Similarly Situated, :    <u>CLASS ACTION</u>
                     :
             Plaintiff,    :    REPLY MEMORANDUM OF LAW IN
                     :    FURTHER SUPPORT OF LEAD
    vs.                   :    PLAINTIFF'S MOTION FOR FINAL
                     :    APPROVAL OF SETTLEMENT AND
CREDIT SUISSE GROUP AG, THOMAS     :    APPROVAL OF PLAN OF ALLOCATION
GOTTSTEIN, DAVID R. MATHERS, LARA    :    AND FOR AN AWARD OF ATTORNEYS'
J. WARNER and BRIAN CHIN,        :    FEES AND EXPENSES AND AN AWARD
                     :    TO LEAD PLAINTIFF PURSUANT TO 15
             Defendants.    :    U.S.C. §78u-4(a)(4)

——————————————————————————— x

4872-3118-5247.v1

Lead Plaintiff Sheet Metal Workers Pension Plan of Northern California ("Pension Plan" or "Lead Plaintiff") respectfully submits this reply memorandum of law in further support of its application for approval of the $32,500,000 Settlement, the Plan of Allocation, and an award of attorneys' fees and expenses and award to Lead Plaintiff.[1]

## I.    PRELIMINARY STATEMENT

The proposed Settlement resolves this Action in its entirety in exchange for a cash payment of $32,500,000.  As detailed in the opening papers (ECF 77 to 83), the Settlement is the product of extensive arm's-length negotiations based on a well-developed understanding of the strengths and weaknesses of the claims and defenses.  It represents a very favorable result for the Class in light of the substantial challenges that Lead Plaintiff would have faced in proving liability and damages.

Pursuant to the Preliminary Approval Order (ECF 74), the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including mailing over 53,000 copies of the Notice Packet to potential Class Members and nominees.  No Class Member has objected to any aspect of the Settlement, Plan of Allocation, or fee and expense application, and only two requests for exclusion have been received.  As explained below, the Class's reaction confirms that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses and an award to Lead Plaintiff are fair and reasonable, and should be approved.

## II.    THE REACTION OF THE CLASS SUPPORTS APPROVAL

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the application is warranted.  Now that the time for objecting or requesting

---

[1]    Unless otherwise noted, capitalized terms have the meanings given to them in the Stipulation of Settlement (ECF 67) or in the Declaration of Jason C. Davis in Support of Lead Plaintiff's Motion for Final Approval of Settlement and Approval of Plan of Allocation and for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4).  ECF 80.

4872-3118-5247.v1

exclusion from the Class has passed, the lack of any objections from the Class and only two opt-outs provide additional support for approval of the application.

Pursuant to the Preliminary Approval Order, more than 53,000 copies of the Notice Packet were mailed to potential Class Members and their nominees. *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Murray Suppl. Decl."), ¶4 (53,055 Claim Packages mailed), submitted herewith. The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 27.5% of the Settlement Amount and payment of litigation expenses not exceeding $50,000, plus interest on both amounts, and that Lead Plaintiff may request an award of up to $5,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class. *See* Notice (ECF 82-1), at 3. Lead Counsel is requesting amounts consistent with those set forth in the Notice. Specifically, Lead Counsel requests an award of attorneys' fees of 27.5% of the Settlement Amount, expenses of $19,656.48, and a Lead Plaintiff award of $1,290. *See* ECF 79.

The Notice also apprised Class Members of their right to object to any aspect of the proposed Settlement, Plan of Allocation, or requested attorneys' fees and expenses and Lead Plaintiff's award, as well as their right to exclude themselves from the Class and the April 20, 2023 deadline for filing objections or requests for exclusion. *See* ECF 82-1 at 7, 11. The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice Packet, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in *IBD Weekly*, *The Financial Times*, *The Wall Street Journal* (WSJ.com), Fortune.com and released over *Business Wire*. *See* ECF 82 (Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date), ¶12. The Claims Administrator also

- 2 -

established a Settlement-related website (www.CreditSuisseSecuritiesSettlement.com) that provided information and links to relevant documents (*id.*, ¶14), and the Notice directed potential Class Members to contact Lead Counsel with any questions.  ECF 82-1, at 12.

As noted above, following this notice program, no Class Member objected to any aspect of the Settlement, the Plan of Allocation, or the fee and expense application or the requested Lead Plaintiff award.  In addition, only two requests for exclusion from individual investors were received.  Murray Suppl. Decl., ¶¶5-6.

On April 20, 2023, the Court received a letter from Bruce Bernstein of DiCello Levitt on behalf of unidentified "institutional investors."  ECF 84.  The DiCello Levitt letter purports to raise "concerns" about the Settlement, but it fails to identify any Class Member represented by that firm and acknowledges that it is ***not*** an objection.  *See* ECF 84 at 2 n.1.  Lead Plaintiff addressed the DiCello Levitt letter, including the issue raised therein, in a letter to the Court dated April 26, 2023. ECF 85.  In short, the DiCello Levitt letter is not properly before the Court and should be disregarded because DiCello Levitt has not identified any Class Member that it represents.  DiCello Levitt and their clients are not parties to this case and have no direct interest in it.  Moreover, contrary to the DiCello Levitt letter, the release does ***not*** reach any claims by non-Class Members. Further, the precise contours of the release were explained in the Notice, to which no Class Member has objected.

The absence of any objections and the two requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate.  Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry."  *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) ("The absence of . . .

- 3 -

4872-3118-5247.v1

objections and minimal investors electing to opt out of the Settlement provides evidence of Class members' approval of the terms of the Settlement."); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *see also In re Sturm, Ruger, & Co., Inc. Sec. Litig.*, 2012 WL 3589610, at *5 (D. Conn. Aug. 20, 2012) ("'[T]he absence of objectants may itself be taken as evidencing the fairness of a settlement.'") (citation omitted).

Although a "certain number of objections are to be expected in a class action with an extensive notice campaign and a potentially large number of class members," *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2019 WL 6875472, at *16 (E.D.N.Y. Dec. 16, 2019), "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" *Id.* (quoting *Wal-Mart*, 396 F.3d at 118).[2]  As Judge Sweet has recognized: "The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement."  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018).

In addition, no institutional investors have objected or requested exclusion.  The absence of objections by these sophisticated Class Members further evidences the fairness of the Settlement. *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (holding that the reaction of the class supported the settlement where "not a single objection was received from any of the institutional investors that hold the majority of Citigroup stock"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (finding that the lack of objections from institutional investors supported approval of settlement).

---

[2]     *See also Advanced Battery*, 298 F.R.D. at 176 (same); *Athale v. Sinotech Energy Ltd.*, 2013 WL 11310686, at *4 (S.D.N.Y. Sept. 4, 2013) (same).

4872-3118-5247.v1

The lack of any objection also supports approval of the Plan of Allocation. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at \*14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Class is also relevant to Lead Counsel's motion for an award of attorneys' fees and expenses and award to Lead Plaintiff. The absence of objections supports a finding that these requests are fair and reasonable. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at \*10 (S.D.N.Y. Nov. 7, 2007) (holding that the reaction of class members to a fee and expense request "'is entitled to great weight by the Court'" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (finding that the lack of any objection to the fee request supported its approval). Again, the lack of objections from institutional investors supports approval. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (finding that the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *accord In re Bisys Sec. Litig.*, 2007 WL 2049726, at \*1 (S.D.N.Y. July 16, 2007) (noting the lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive"). In addition, Lead Counsel's attorneys' fees request is supported by the Court's recent fee award in *In re Omega Healthcare*

4872-3118-5247.v1

*Investors, Inc. Sec. Litig.*, 2023 WL 3069770, at *4 (S.D.N.Y. Apr. 25, 2023) (awarding 30% fee on $30,750,000 recovery).

## III.    CONCLUSION

For the foregoing reasons and those set forth in the opening papers, Lead Plaintiff respectfully requests that the Court approve the Settlement, Plan of Allocation, and request for attorneys' fees and expenses and award to Lead Plaintiff.  Copies of the proposed: (i) Judgment; (ii) Order Approving Plan of Allocation; and (iii) Order Awarding Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4), are submitted herewith.

DATED:  April 27, 2023                          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
BRIAN E. COCHRAN


                                         s/ Theodore J. Pintar
                                      THEODORE J. PINTAR

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com
bcochran@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ERIN W. BOARDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
eboardman@rgrdlaw.com

- 6 -

4872-3118-5247.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 27, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Theodore J. Pintar
THEODORE J. PINTAR

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

# Mailing Information for a Case 1:21-cv-03385-NRB City of St. Clair Shores Police and Fire Retirement System v. Credit Suisse Group AG et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Erin Whitney Boardman**
  eboardman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **Jason Cassidy Davis**
  jdavis@rgrdlaw.com,khuang@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Richard William Gonnello**
  rgonnello@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,scaesar@rgrdlaw.com

- **David George Januszewski**
  djanuszewski@cahill.com,MA@cahill.com

- **Joel Laurence Kurtzberg**
  JKurtzberg@cahill.com,MA@cahill.com

- **Adam Shawn Mintz**
  amintz@cahill.com,MA@cahill.com

- **Edward Nathaniel Moss**
  EMoss@cahill.com,edward-moss-3905@ecf.pacerpro.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Sheila Chithran Ramesh**
  sramesh@cahill.com,MA@cahill.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,malbert@ecf.courtdrive.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Steven B. Singer**
  ssinger@saxenawhite.com,e-file@saxenawhite.com

- **Herbert Scott Washer**
  hwasher@cahill.com,MA@cahill.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)